Steven D. Hemminger (State Bar No. 110665)
**ALSTON + BIRD LLP**
275 Middlefield Road Suite 150
Menlo Park, CA 94025-4008
Telephone: 650-838-2000
Facsimile: 650-838-2001
Email: steve.hemminger@alston.com

Patrick J. Flinn (State Bar No. 104423)
**ALSTON + BIRD LLP**
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone: 404-881-7000
Facsimile: 404-881-7777
Email: patrick.flinn@alston.com

*Attorneys for Petitioners Nokia Corp. and Nokia Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Petition to Confirm Arbitration Award Between NOKIA CORPORATION, a Finnish corporation, and NOKIA INC., a Delaware corporation,<br><br>　　　　Petitioners,<br><br>　　v.<br><br>RESEARCH IN MOTION LIMITED, a Canadian corporation, and RESEARCH IN MOTION CORPORATION, a Delaware corporation,<br><br>　　　　Respondents. | Case No. CV 12 - 5992 PSG<br><br>**PETITION FOR JUDGMENT CONFIRMING INTERNATIONAL ARBITRATION AWARD** |

PETITION TO CONFIRM INTERNATIONAL ARBITRATION AWARD　　　　1

# PETITION

Nokia Corporation and Nokia Inc., for their petition to confirm an arbitration award against Respondents Research in Motion Limited and Research in Motion Corporation, hereby allege as follows:

## THE PARTIES

1. Petitioner Nokia Corporation ("Nokia") is incorporated under the laws of Finland, with its principal place of business in Espoo, Finland.

2. Petitioner Nokia Inc. is incorporated under the laws of the State of Delaware, with its principal place of business in Sunnyvale, California. Nokia Inc. is a wholly-owned subsidiary of Nokia Corporation.

3. Respondent Research in Motion Limited ("RIM") is incorporated under the laws of Canada, with its principal place of business in Waterloo, Ontario Canada.

4. Respondent Research in Motion Corporation is incorporated under the laws of the State of Delaware, with its principal place of business in Irving, TX. Research in Motion Corporation is a wholly-owned subsidiary of Respondent Research in Motion Limited.

## NATURE OF THIS ACTION

5. This is an action to confirm an international arbitration award arising from a contractual dispute pursuant to 9 U.S.C. § 201 *et seq.*, and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 ("the New York Convention"), including entry of a declaratory judgment according to declaratory provisions of the arbitration award and 28 U.S.C. § 2201 *et seq.* Petitioners also ask that the Court invoke its equitable powers to grant whatever relief may be necessary or proper to give effect to the declaratory judgment sought here.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this action pursuant to 9 U.S.C. § 203.

7. The Court has jurisdiction over both RIM entities because of their continuous and systematic contacts with this district, including maintaining one or more offices in this district, such as the office at 321 East Evelyn Ave. Mountain View, CA. Both RIM entities continually

and systematically transact business in this district. Research in Motion Limited has also had contact with this district by availing itself of the jurisdiction of the Court. Both RIM entities also continue to violate the arbitration award and breach the underlying agreement through their continued unauthorized sales of WLAN compliant products within this district.

8. Venue is proper in this district under 9 U.S.C. § 204 and 28 U.S.C. § 1391(b)-(c). The place of arbitration was not within the United States. Accordingly, 9 U.S.C. § 204 provides for venue in any district court where "save for the arbitration agreement an action or proceeding with respect to the controversy between the parties could be brought." Both RIM entities reside within this district. Furthermore, as explained in Paragraph 7, both RIM entities continue to violate the arbitration award and breach the underlying agreement through their continued unauthorized sales of certain RIM products within this district.

## INTRADISTRICT ASSIGNMENT

9. Pursuant to Civil L.R. 3-2(c), the San Jose Division is the proper division for assigning this case. Both parties maintain offices within the San Jose Division, with Nokia having an office in Sunnyvale and at least one of the RIM entities having an office in Mountain View. Furthermore, a substantial part of the events or omissions giving rise to this petition have taken place in the San Jose Division. This is not an "Intellectual Property Action," as contemplated by Civil L.R. 3-2(c), because it seeks enforcement of an arbitration award arising out of a contractual dispute.

## THE PARTIES' LICENSE AGREEMENT

10. Nokia Corporation and Research in Motion Limited previously entered into an agreement entitled "Patent License Agreement."

11. Nokia and RIM subsequently agreed to two amendments to the Patent License Agreement. Hereinafter, the Patent License and its amendments shall be referred to collectively as "the Agreement."

12. The parties have agreed that the Agreement is governed by the laws of Sweden and that disputes under the Agreement are to be finally and conclusively determined by arbitration in accordance with the Rules of the Arbitration Committee of the Swedish Central Chamber of

Commerce, conducted in Stockholm Sweden.

13. There are no restrictions on the forum in which an arbitration award arising under the Agreement may be enforced.

**THE ARBITRATION**

14. On March 7, 2011, RIM filed a request for arbitration with the Stockholm Chamber of Commerce. Nokia answered and counterclaimed in the arbitration proceeding on April 8, 2011.

15. Under Swedish law, which the parties agree should govern disputes related to the Agreement, no aspect of the arbitration is confidential unless expressly agreed between the parties. The parties have agreed to keep only the specific terms of the Agreement confidential, but there are no other confidentiality agreements or other restrictions relating to the arbitration.

16. A duly appointed Arbitral Tribunal conducted a nine day hearing during September, 2012, during which it heard a substantial amount of evidence related to the contractual dispute between the parties.

17. On November 6, 2012, the Arbitral Tribunal issued its Award (a redacted version of which is attached hereto as Exhibit A).[1]

18. The Tribunal found unanimously for Nokia on all but one of its requests for declaratory relief, and denied all but one of RIM's requests for declaratory relief. The Tribunal also required RIM to bear the costs of the arbitration and compensate Nokia for the majority of its legal fees.

19. The Tribunal observed, inter alia, that "RIM has not contested that it manufactures and sells products using WLAN in accordance with Nokia's WLAN patents," in reference to the wireless local area network standards variously known WLAN, 802.11, or Wi-Fi.

20. The Tribunal determined, inter alia, that RIM is "not entitled to manufacture or sell products compatible with the WLAN Standard without first agreeing with Nokia on the royalty to be paid for its manufacture and/or sale of Subscriber Terminals compatible with such Standards."

---

[1] Petitioners are also filing a concurrent motion to submit under seal both an unredacted, duly certified copy of the Award and a duly certified copy of the Agreement. Petitioners do not seek to have any portion of the Petition itself sealed, and filing of the Petition itself is not contingent on whether or not the Court grants the motion to seal.

PETITION TO CONFIRM INTERNATIONAL ARBITRATION AWARD     4

21. Nokia and RIM have not agreed on the royalty to be paid for the manufacture and/or sale of RIM Subscriber Terminals compatible with WLAN.

22. The Arbitration Rules of the Arbitration Institute of the Stockholm Chamber of Commerce govern the Award at issue. Article 40 of those Rules provides that: "An award shall be final and binding on the parties when rendered. By agreeing to arbitration under these Rules, the parties undertake to carry out any award without delay."

23. Article 47 of the Arbitration Rules also requires that the parties "shall make every reasonable effort to ensure that all awards are legally enforceable."

24. RIM and its U.S. subsidiary RIM Corporation nevertheless continue to violate the Award and breach the underlying Agreement, through actions including but not limited to the unauthorized manufacture and sale of WLAN products within this district and throughout the United States.

## CONFIRMATION OF THE AWARD

25. Enforcement of the Arbitral Tribunal's Award is governed by the New York Convention.

26. The United States, Finland, Canada, and Sweden are signatories to the New York Convention.

27. The Award arises out of a commercial relationship within the meaning of 9 U.S.C. §§ 1, 202, and 208, and is not a domestic award in the United States as defined in the New York Convention Article I. The Agreement envisages performance abroad.

28. None of the provisions of Article V of the New York Convention, which defines the sole grounds upon which enforcement of the Award may be refused, apply here.

29. Petitioners are entitled to confirmation of the Arbitral Tribunal's Award under 9 U.S.C. § 207 by a summary proceeding.

## PRAYER FOR RELIEF

Wherefore, Petitioners pray for judgment as follows:

A. That the Court enter judgment confirming the arbitration Award, including entry of a declaratory judgment in accordance with the declaratory provisions of the Award;

B.  That the Court award Petitioners their costs of suit, including reasonable attorneys' fees; and

C.  That the Court award Petitioners such other and further relief as this Court deems just and proper, including but not limited to such relief as may be necessary or proper to give effect to the declaratory judgment sought.

DATED: November 26, 2012

By: _/s/ Patrick J. Flinn_

Steven D. Hemminger (State Bar No. 110665)
**ALSTON + BIRD LLP**
275 Middlefield Road Suite 150
Menlo Park, CA 94025-4008
Telephone: 650-838-2000
Facsimile: 650-838-2001
steve.hemminger@alston.com

Patrick J. Flinn (State Bar No. 104423)
**ALSTON + BIRD LLP**
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone: 404-881-7000
Facsimile: 404-881-7777
patrick.flinn@alston.com

*Attorneys for Petitioners Nokia Corp. & Nokia Inc.*