1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

NOKIA CORPORATION,                           )     Case No.: C 12-05992 PSG
                                             )
                      Petitioners,           )     **ORDER GRANTING-IN-PART**
        v.                                   )     **PETITIONERS' ADMINISTRATIVE**
                                             )     **MOTION TO SEAL**
                                             )
RESEARCH IN MOTION LIMITED, et al.,          )     **(Re: Docket No. 6)**
                                             )
                      Respondents.           )
                                             )
                                             )

        Petitioners Nokia Corporation and Nokia Inc. (collectively, "Nokia") administratively move

to seal portions of an international arbitration award and an entire patent license agreement.

Respondents Research in Motion Limited and Research in Motion Corporation (collectively,

"RIM") have not opposed, or otherwise responded, to the motion. Having reviewed the papers and

considered the arguments of counsel,

        IT IS HEREBY ORDERED that Nokia's administrative motion to seal is GRANTED-IN-

PART.

         Nokia contends that portions of an international arbitration award ("Award") and an entire

patent license agreement ("Agreement") should be filed under seal because it has met the Ninth

Circuit's "compelling reasons" standard to seal documents attached to dispositive motions.[1] Both

_____

[1] *See Pintos v. Pacific Creditors Ass'n,* 605 F.3d 665, 677-79 (9th Cir. 2010).

1

Case No.: C 12-05992 PSG
ORDER

United States District Court
For the Northern District of California

1    documents contain highly confidential and sensitive business information relating to the parties'

2    licensing negotiations and the terms of the parties' Agreement. The parties are actively engaged in

3    manufacturing products using the technologies at issue in the Agreement, and in related licensing

4    activities. The parties' licensing negotiations and the parties' Agreement are trade secrets

5    containing highly confidential, proprietary information, including the parties' bargaining positions,

6    the terms of their respective patents licenses, and the nature of payments made between the parties.

7    Courts routinely allow parties to seal sensitive license information.[2]

8         The court agrees with Nokia but only in part. Nokia's proposed redactions to portions of the

9    Award appear to be narrowly tailored and limited to the parties' bargaining positions, terms of their

10   respective patent licenses, and the nature of payments made between the parties. Nokia's request to

11   seal portions of the Award therefore is granted.

12        On the other hand, Nokia's request to seal the Agreement in its entirety is not so narrowly

13   tailored or limited. The court is cognizant of precedent recognizing the need to seal sensitive

14   license information. Requesting to seal the entirety of the Agreement, however, is not warranted

15   where portions of it are not subject to sealing. For example, Article 6, Publicity, allows the parties

16   to recognize publicly the existence of the Agreement but withhold the terms and conditions of it.

17   The mere fact that the Agreement can be publicly acknowledged should not be sealed. While a

18   majority of the Agreement and indeed, a significant portion of it, may be appropriately subject to

19   sealing, the Agreement must nevertheless be narrowly tailored and limited. "The request must be

20   narrowly tailored to seek sealing of only sealable material."[3] No later than December 18, 2012,

21   Nokia shall re-submit a proposed redacted version of the Agreement that conforms with the

22   requirements of this district's local rules.

23

24

---

25   [2] *See Mosaid Techs. Inc. v. LSI Corp.,* --- F.Supp. 2d ---, 2012 WL 2951389 (D. Del. July 20,
     2012); *See also, e.g., Powertech Tec., Inc. v. Tessera, Inc.,* No. C 11-6121 CW, 2012 U.S. Dist.
26   LEXIS 75831, at *5 (N.D. Cal. May 31, 2012); *Nursing Home Pension Fund v. Oracle Corp.,* 2007
     WL 3232267 (N.D. Cal. 2007); *In re Adobe Systems, Inc. Sec. Litig.,* 141 F.R.D. 155, 161-62 (N.D.
27   Cal. 1992).

28   [3] Civ. L.R. 79-5.

                                                      2

     Case No.: C 12-05992 PSG
     ORDER

United States District Court
For the Northern District of California

1   **IT IS SO ORDERED.**

2   Dated:   12/7/2012

PAUL S. GREWAL
United States Magistrate Judge

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

Case No.: C 12-05992 PSG
ORDER